IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEVE L. STROUD and STROUD CROP,
INC., an Oklahoma corporation,

    Plaintiffs,

vs.                                                                    CIV-02-343 DJS/RLP

FEDERAL CROP INSURANCE
CORPORATION,

    Defendant.

## PLAINTIFFS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

COME NOW the plaintiffs and submit their proposed findings of fact and conclusions of law:

### FINDINGS OF FACT

1. In 1993 The Insurance Company of the Prairie States ("ICOPS") was a corporation engaged in the crop insurance underwriting industry and its coverages were reinsured by the Federal Crop Insurance Corporation ("FCIC").

2. Steve Stroud owned 46.25% of ICOPS and San Jacinto Underwriters, Inc. owned 53.10 % of it.

3. In 1993 ICOPS suffered large losses on its policies that were covered by the FCIC. By the end of 1993 ICOPS owed the FCIC $3,662,801.27 for those losses.



4. Steve Stroud nor Stroud Crop, Inc., nor San Jacinto Underwriters, Inc., nor any other entity owned by Stroud, had any liability for any of the ICOPS indebtedness to the FCIC.

5. ICOPS was unable to pay any portion of the debt.

6. In 1994 the Thomas Investment Group expressed an interest in buying ICOPS, but it was necessary that the assets be free and clear of all claims in order for the sale to go through.

7. In order to obtain a release of the ICOPS debt to the FCIC and to facilitate, and in contemplation of, the sale, the parties entered into the assumption Agreement entered as Plaintiffs' Exhibit No. 1, the Assignment of Interest entered as Plaintiffs' Exhibit No. 2, and the release Agreement entered as Plaintiffs' Exhibit No. 3.

8. The sale of ICOPS to the Thomas Investment Group was never consummated and the FCIC did not grant a release of the ICOPS debt.

9. In 1996 the plaintiffs found another purchaser for ICOPS and it was sold to an entity known as American Feed Industry Insurance Company Risk Retention Group, ("AFIIC").

10. In order to facilitate the sale to AFFIIC the parties amended the Assignment of Interest and the release Agreement via the amendments entered as Plaintiffs' Exhibits No. 4 and 5.

11. The parties did not amend the assumption Agreement entered as Plaintiffs' Exhibit No. 1.

12. In the original release Agreement the FCIC agreed to release ICOPS from all debts, conditioned upon the valid Assignment of Interest between the parties, the agreement for either (1) the contribution of one million dollars in capital by the Thomas Investor Group, or another suitable party or (2) the outright purchase of all of the shares of stock in ICOPS by a suitable party and the immediate payment of the amount of capital contribution or proceeds for the outright sale of stock to the FCIC.

13. In consideration for the release of all debts of ICOPS by the FCIC, the plaintiffs agreed to assume all debts and liabilities of ICOPS to the FCIC in the original release Agreement.

14. In the amended release Agreement the FCIC agreed to release ICOPS from all debts conditioned upon the valid execution of the Amendment to the Assignment of Interest by the plaintiffs.

15. In the amended release Agreement the plaintiffs did not agree to assume the ICOPS debt, rather they agreed to waive their right under the original release Agreement to retain certain commissions and other income and to not retain any funds received by them from an entity known as the Redland Group. Further, Stroud agreed that if he failed to comply with any agreement or the Assignment of Interest, he woudl be debarred from

acting in any capacity relating to crop insurance policies insured or reinsured by the FCIC for a period of five years.

16. Pursuant to the terms of the amendment to the Assignment of Interest, the plaintiffs gave additional interests to the FCIC in exchange for the release of ICOPS.

17. Over the course of several years the FCIC realized the total sum of $2,059,629.45 from the proceeds of the interests assigned to it by the plaintiffs.

18. The ICOPS debt to the FCIC remains at $1,603,171.80.

19. The plaintiffs never intended to assume ICOPS's debt to the FCIC. All they even intended to do was to assign certain assets to the FCIC in exchange for a release of ICOPS's debt so that it could be sold.

20. The plaintiffs are not liable for any of the ICOPS debt to the FCIC.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction over the parties and the subject matter and venue is proper in this Court.

2. The original Agreement entered as Plaintiff's Exhibit No.1 is ambiguous and parole evidence was needed to determine the intent of the parties at the time it was agreed upon.

3. The 1996 amendments replace and void the original Assignment of Interest and the release Agreement to the extent they are inconsistent, as a matter of law.

4. The failure of the conditions precedent to the original assumption Agreement render it void, as a matter of law.

5. The 1996 amendments to the Assignment of Interest and to the release Agreement void the original assumption agreement, as a matter of law.

6. There was either no consideration or insufficient consideration given to the plaintiffs to make any possible assumption of the entire ICOPS debt to the FCIC enforceable.

7. The plaintiffs are entitled to a judicial declaration declaring that they owe nothing to the defendant.

RICHARD A. HAWTHORNE, P.A.

---

Richard A. Hawthorne
1221 Mechem Drive
Ruidoso, NM 88345
(505) 258-3483