IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEVE L. STROUD and STROUD CROP
INC., an Oklahoma corporation

   Plaintiffs,

v.                                              CIV-02-343 DJS/RLP

FEDERAL CROP INSURANCE
CORPORATION,

   Defendant.

## DEFENDANT FEDERAL CROP INSURANCE CORPORATION'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

THE UNITED STATES on behalf of Federal Crop Insurance Corporation ("FCIC") by and through its counsel David C. Iglesias, Esq., United States Attorney for the District of New Mexico and Manuel Lucero, Esq., Assistant United States Attorney for the same said district submits its Proposed Findings of Fact and Conclusions of Law pursuant to the Court's Pre-Trial Order, filed March 31, 2003. A WordPerfect diskette containing this pleading is also attached pursuant to the Court's Order.

## PROPOSED FINDINGS OF FACT

1. In 1993, the Insurance Company of the Prairie States (ICOPS) had a Standard Reinsurance Agreement (SRA) with the FCIC.

2. Mr. Steve Stroud owned 46.25 percent of ICOPS and San Jacinto Underwriters, Inc. owing 53.1 percent of ICOPS.

3. Mr. Stroud was the 100% owner of San Jacinto Underwriters Inc.

4. In 1993 there was great flooding across all of the Midwest and ICOPS sustained losses in its crop insurance policies that were reinsured by FCIC, in excess of



$3,662,801.27 that it was unable to repay to FCIC.

5. In 1994, Steve L. Stroud wanted to sell ICOPS but needed the company to be free of all encumbrances in order to effectuate any sale.

6. Mr. Stroud sought a release of ICOPS from all debts owed to FCIC.

7. FCIC only agreed to release the debt if Mr. Stroud and Stroud Crop Inc., agreed to assume the debt.

8. Mr. Stroud made a proposal to repay the debt that included assignments of proceeds to FCIC of amounts that were owed to Mr. Stroud, Stroud Crop. Inc.. and San Jacinto Underwriters, Inc.

9. Under the agreement, the total debt was to have been paid off within two to three years.

10. In 1994 the Thomas Investment Group expressed an interest in buying ICOPS, but it was necessary that the assets be free and clear of all claims in order fo the sale to go through.

11. The sale of ICOPS to the Thomas Investment Group was never consummated.

12. In 1996 Stroud found another purchaser for ICOPS and it was sold to an entity known as American Feed Industry Insurance Company Risk Retention Group.

13. The parties did not amend the assumption Agreement.

14. In the original release Agreement the FCIC agreed to release ICOPS from all debts, conditioned upon the valid Assignment of Interest between the parties, the agreement for either (1) the contribution of one million dollars in capital by the Thomas Investor Group, or another suitable party or (2) the outright purchase of all of the shares

of stock in ICOPS by a suitable party and the immediate payment of the amount of capital contribution or proceeds for the outright sale of stock to the FCIC.

15. In consideration for the release of all debts of ICOPS by the FCIC, Steve Stroud agreed to assume all debts and liabilities of ICOPS, to the FCIC.

16. The debt owed by Steve Stroud to FCIC was never paid in full as agreed to under the assignments.

17. Steve Stroud continues to owe FCIC $1,6603,171.80.

18. Mr. Stroud's debt to FCIC is a valid and collectable debt.

19. 7 U.S.C. §2415 sets out a six year statute of limitation. The time begins to run after the action accrues, it also states, "[t]hat in the event of later partial payment or written acknowledgment of the debt, the right of action shall be deemed to accrue again at the time of each such payment or acknowledgment."

20. Mr. Stroud made his last partial payment on September 20, 1999.

21. Mr. Stroud acknowledged the debt in writing in his divorce decree, executed on May 2, 2001.

22. The statute of limitation has yet to terminate collectability of this debt.

23. Consideration was given for the assumption of debt.

24. Mr. Stroud received an actuarial opinion that even thought he and his company had agreed to assume ICOPS debt, if all amounts owed were not paid, ICOPS would still be responsible for the debt.

25. FCIC's release of ICOPS from the debt, which permitted the sale of ICOPS and benefitted Mr. Stroud because a portion of the proceeds would be used to pay off the debt assumed by Mr. Stroud constituted the consideration for the September 14,

agreements.

26. There was no understanding that if insufficient funds were received under the assignments, the debt would be considered paid in full.

27. The communications between the parties clearly demonstrate that the debt was to be paid in full by Mr. Stroud.

28. In August 1997, FCIC made demand on Mr. Stroud for payment of the balance of the debt and negotiations were in progress to compromise and settle the debt.

29. There were other discussions prior to the filing of this action to the effect that if payment was not made Mr. Stroud would be debarred, and that he would be not be allowed to participate in any crop insurance programs.

## CONCLUSIONS OF LAW

1. The court has jurisdiction over the parties and the subject matter and venue is proper in this court.

2. 7 U.S.C. §2415 sets out a six year statute of limitation.

3. Time begins to run after the action accrues, or, "in the event of later partial payment or written acknowledgment of the debt, the right of action shall be deemed to accrue again at the time of each such payment or acknowledgment."

4. Consideration was given for the assumption of debt.

5. Mr. Stroud made his last partial payment on September 20, 1999.

6. Mr. Stroud acknowledged the debt in writing in his divorce decree, executed on May 2, 2001.

7. The statue of limitation has not run on collectability of the liability owed to

FCIC.

8. The original Agreement at issue here, if ambiguous requires the admission of parole evidence to determine the intent of the parties at the time it was executed.

9. Judgment is therefore, entered in favor of the FCIC in the amount of $1,603,171.80.

DAVID C. IGLESIAS
United States Attorney

MANUEL LUCERO
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, NM 87103
(505) 224-1467